**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERICA DESROSIERS, ET AL. | : | |
| PLAINTIFFS, | : | |
| | : | **No. ______________** |
| VS. | : | |
| | : | |
| CVS PHARMACY, INC. | : | |
| | : | |
| DEFENDANT. | : | |
| | : | |
| | : | |
| | : | |

# NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, CVS Pharmacy, Inc. ("CVS"), by and through its undersigned counsel, pursuant to 28 U.S.C. §1441, *et seq.*, hereby files this Notice of Removal of Civil Action, removing the above-captioned action from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which it is pending, to the United States District Court for the Eastern District of Pennsylvania. In support of removal, CVS avers as follows:

1. On June 10, 2026, Plaintiffs initiated the instant action by filing a Complaint in the Court of Common Pleas of Philadelphia County, docketed at June Term, 2026 No. 1476 ("State Court Action"). A true and accurate copy of the Complaint is attached as Exhibit A.

2. The present lawsuit is removable from state court to this Court pursuant to 28 U.S.C. §1441(a), because the Complaint attempts to set forth causes of action against CVS that are within the original jurisdiction conferred on the District Courts of the United States by 28 U.S.C. §1332.

3. There is complete diversity of citizenship in the instant action, because, pursuant to Plaintiff's Complaint, Plaintiffs are "individuals, citizens and residents of the Commonwealth of Pennsylvania…" See Ex. "A" at ¶ 1.

4. The address for Plaintiffs listed on the caption of the Complaint is 975 Hunt Drive, Yardley, Pennsylvania 19067. See Ex. A.

5. Defendant, CVS Pharmacy, Inc. is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. [1]

6. In their Complaint, Plaintiff demands judgment against CVS "in an amount in excess of Fifty Thousand Dollars ($50,000)." See Ex A.

7. Thus, CVS, at the time of filing, was not provided notice that the amount in controversy exceeded $75,000.00.

8. To obtain verified information from the Plaintiffs as to a demand, on July 15, 2026, CVS served Plaintiffs with its First Requests for Admission, requesting that Plaintiffs admit or deny that:

> 1. Plaintiff, Erica Desrosiers, is seeking more than $75,000.00 in total damages, exclusive of interests and costs, from Defendant in Count I of Plaintiffs' Complaint.
>
> 2. Plaintiff, Erica Desrosiers, is seeking more than $150,000.00 in total damages exclusive of interest and costs, from Defendant in the First Count of Plaintiffs' Complaint.
>
> 3. Plaintiff, Al Desrosiers, is seeking more than $75,000.00 in total damages, exclusive of interest and costs, from Defendant in

[1] In the originally filed state court action, a stipulation was filed to change CVS Pharmacy, Inc. to the correct entity at issue, Pennsylvania CVS Pharmacy, LLC. However, the corporate mailing and headquarters address for Pennsylvania CVS Pharmacy, LLC is the same as CVS Pharmacy, Inc. - 1 CVS Drive, Woonsocket, RI 02895

> Count II of Plaintiffs' Complaint.
>
> 4. Plaintiff, Al Desrosiers, is seeking more than $150,000.00 in total damages exclusive of interest and costs, from Defendant in Count II of Plaintiffs' Complaint.

9. Plaintiffs' responses to the above referenced Requests for Admission were due on or before August 14, 2026.

10. Plaintiffs never responded to Defendant's Requests for Admission and as such, each of the Admissions are deemed admitted pursuant to Pennsylvania Rule of Civil Procedure 4014(b).

11. Therefore, CVS's first notice that the amount in controversy exceeded $75,000.00 was on August 17, 2026 having not received Plaintiffs' responses on or before the August 14, 2026 deadline.

12. Therefore, pursuant to 28 U.S.C. §1446(b)(3), this Notice of Removal is timely filed with this Court.

13. Because this action satisfies the requirement of 28 U.S.C. §1331, this Court has original and supplemental jurisdiction over all claims alleged in the Complaint, and this action may be removed to this Court pursuant to 28 U.S.C. §1441.

14. There is complete diversity of citizenship in the instant action because, pursuant to Plaintiffs' Complaint, Plaintiffs are residents of Pennsylvania, and CVS is a resident of Rhode Island. 28 U.S.C. §1332.

15. Because there is complete diversity of citizenship and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), this case is properly removed to this Court.

16. Pursuant to 28 U.S.C. §1446(a), CVS has attached hereto all process, pleadings, and orders that have been filed, served, or received in this action. A true and correct copy of all process, pleadings and orders are attached hereto collectively as Exhibit "B."

17. Pursuant to 28 U.S.C. §1446(d), written notice of the removal of this case (a copy of which is attached hereto as Exhibit "C"), together with a copy of this Notice shall be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania and shall be served upon Plaintiff.

18. By filing of this Notice of Removal, CVS does not waive, and hereby reserves, any right to assert objections and defenses relating to service of process and venue.

WHEREFORE, the above-captioned action, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, June Term, 2026, No. 1476, hereby removes therefrom to this Court.

Respectfully submitted,

PEREZ & MORRIS LLC

By________________________________

David R. Bronstein, Esquire (PA ID: 74908)
1600 John F. Kennedy Blvd, Suite 1050
Philadelphia, PA 19103
(215) 692-1240
dbronstein@perez-morris.com
Attorney for Defendant,
CVS Pharmacy, Inc.

Dated: September 11, 2026