**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERICA DESROSIERS, et al.<br>*Plaintiffs,*<br>v.<br>CVS PHARMACY, INC.<br>*Defendant.* | CIVIL ACTION<br>NO. 26-6979 |

**Pappert, J.** **October 21, 2026**

**MEMORANDUM**

Erica Desrosiers allegedly slipped and fell on ice outside a CVS Pharmacy in Yardley, Pennsylvania. She and her husband Al sued CVS in state court. CVS removed the case to federal court, asserting diversity jurisdiction. The Desrosiers filed a motion to remand, arguing that CVS's removal was improper and untimely. The Court denies the motion and will allow CVS to amend its Notice of Removal. To the extent the Notice's jurisdictional allegations are deficient, they are only technically so, and amendment, rather than remand, is appropriate.

I

On June 10, 2026, the Desrosiers sued CVS Pharmacy, Inc in the Philadelphia County Court of Common Pleas. (Compl. at 2, Dkt. No. 1-3.) The parties subsequently stipulated that the correct defendant is Pennsylvania CVS Pharmacy, LLC. (Stip. at 3, Dkt. No. 1-4.) In their complaint, Plaintiffs seek "an amount in excess of Fifty Thousand ($50,000.00) Dollars." (Compl. ¶¶ 13, 17, Dkt. No. 1-3.) On July 15, 2026, CVS served its first Requests for Admissions in the state court action which, *inter alia*, asked the Plaintiffs to admit or deny whether Erica and Al Desrosiers were "seeking

more than $75,000" and "seeking more than $150,000." (Notice of Removal ¶ 8, Dkt. No. 1.) Plaintiffs' responses were due on or before August 14, but they did not respond and the requests were each deemed admitted. *(Id.* ¶¶ 9–10.)

II

A defendant in state court can remove a case if the federal court would have original jurisdiction over it. 28 U.S.C. § 1441(a). District courts must remand a case to state court if removal was improper because of a procedural defect or because the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotation marks omitted). The party seeking removal bears the burden of showing that "the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

III

CVS alleges the Court has jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. (Notice of Removal ¶ 2, Dkt. No. 1.) Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of $75,000 and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, (1978).

CVS's Notice of Removal fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges its citizenship. The Notice states

that the true defendant is "Pennsylvania CVS Pharmacy, LLC" and that the corporate mailing and headquarters address is in Rhode Island. (Notice of Removal ¶ 5 n.1, Dkt. No. 1.) CVS asserts complete diversity of citizenship because "Plaintiffs are residents of Pennsylvania, and CVS is a resident of Rhode Island." (*Id.* ¶ 14.) However, the citizenship of an LLC "is determined by the citizenship of its members," not the location of incorporation or its principal place of business. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The Notice of Removal fails to allege facts regarding the citizenship of the members of Pennsylvania CVS Pharmacy, LLC. In its response, however, CVS states that Pennsylvania CVS Pharmacy, LLC's sole member is CVS Pharmacy, Inc., so the citizenship of CVS Pharmacy, Inc., Rhode Island, controls.[1] (Resp. in Opp. at 10, Dkt. No. 7.)

Defective allegations of jurisdiction may be amended in trial courts. 28 U.S.C. § 1653. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations"). When a party "mistakenly initially allege[s] the citizenship of an LLC as a corporation" they may be "permitted to amend [their] allegations to properly allege the citizenship of its members as required for limited liability companies." *Skywark v. Healthbridge Mgmt., LLC*, No. 15-0058, 2015 WL 13621058, at *2 (W.D. Pa. July 22, 2015). Where, as here, "removal is based on allegations of diversity jurisdiction and diversity jurisdiction appears to exist in light of other documents in the record, courts in this district have allowed defendants to amend a notice of removal to correct

[1] In their Motion to Remand, Plaintiffs incorrectly contend Pennsylvania CVS Pharmacy, LLC is a citizen of Pennsylvania because it is "incorporated" in Pennsylvania. (Mot. to Remand at 2, Dkt. No. 6-1.)

technical deficiencies in the notice's allegations regarding citizenship of a party." *Xia Zhao v. Skinner Engine Co.*, No. 11-7514, 2012 WL 1758145, at *2 (E.D. Pa. May 16, 2012) (collecting cases); *Local No. 1 (ACA) Broadcast Emps. v. Int'l Brotherhood of Teamsters*, 614 F.2d 846, 853 (3d Cir. 1980) (holding "amendments [under § 1653] should be liberally permitted in the interest of justice to avoid dismissal of suits on purely technical grounds").

IV

Plaintiffs also contend the Notice of Removal was untimely. (Mot. to Remand ¶ 5; Dkt. No. 6-1.) They argue it was filed "approximately 12 weeks after service" of the Complaint, well past the 30-day deadline. (*Id.*) CVS argues the 30-day clock did not begin until August 17, 2026, when "CVS became aware that the amount in controversy, in fact, exceeded $75,000." (Def.'s Resp. in Opp. at 7, Dkt. No. 7.)

A

"Two thirty-day clocks limit the time within which a defendant may remove a case." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022). First, a defendant may remove an action to federal court "within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Second, if a case is not removeable based on the initial pleadings, a defendant may remove it within 30 days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removeable." *Id.* § 1446(b)(3)

The Third Circuit utilizes a "bright-line" approach to determine whether a complaint triggers Section 1446(b)(1)'s 30-day removal clock from time of service.

*McLaren*, 32 F.4th at 237. Section (b)(1)'s clock is triggered where the complaint "informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present." *Id.* at 236 (alteration in original). *McLaren* sets forth that (b)(1)'s inquiry is confined to what defendants could "ascertain from the four corners of the plaintiff's complaint." *Id.* at 239. A complaint may demonstrate that the amount in controversy exceeds $75,000 by (1) offering a "clear statement of the damages sought;" (2) alleging "sufficient facts from which damages [could] be readily calculated;" or (3) "affirmatively reveal[ing] on its face that [plaintiff] is seeking damages in excess of the minimum jurisdictional amount." *Id.* at 237 (cleaned up).

Plaintiffs' Complaint does not contain a specific damages demand, nor does it otherwise indicate their claims satisfy the monetary threshold for federal diversity jurisdiction. (Compl., Dkt. No. 1-3.) They allege Erica Desrosiers suffered "serious and painful injuries" including "a fractured left radius, [and] left hand carpal tunnel syndrome" causing her to "expend various and diverse sums of money in an effort to treat and cure her injuries." (*Id.* ¶¶ 9–10.) Al Desrosiers claims a loss of consortium. (*Id.* ¶ 16.) These allegations do not provide enough facts to allow the clear calculation of damages, and because the amount in controversy is not apparent from the face of the Complaint, the 30-day clock for removal under Section 1446(b)(1) never began to run. *See McLaren*, 32 F.4th at 238. *See also Bambino-Forte v. JBH Trucking, Inc.*, No. 25-4701, 2025 WL 3543620, at *3 (E.D. Pa. Dec. 10, 2025) (holding that allegations of a "herniated disc and a torn Achilles tendon" were insufficient to provide notice that amount in controversy exceeded $75,000 under *McLaren*); *Baucom v. Torres Vidal*, No. 24-1818, 2024 WL 5108439, at *4 (E.D. Pa. Dec. 12, 2024) (finding allegations of loss of

consortium, severe and permanent injuries, medical care costs, and possible surgery were insufficient); *Miller v. Whole Foods Market, Inc.*, No. 22-2495, 2022 WL16950265, at *3 (E.D. Pa. Nov. 15, 2022) (holding allegations of "serious, disabling and permanent personal injuries" without any monetary amounts were insufficient).

B

CVS argues that removal satisfied the statutory requirements of 28 U.S.C. § 1446(b)(3) because it was made within 30 days from when it received "other paper" and learned the case was removable. (Def.'s Resp. in Opp. at 6, Dkt. No. 7.) "Although the Third Circuit has never explicitly defined 'other paper,' the term has been broadly construed to include [Requests for Admissions]." *Jeskey v. TM Carrier Inc.*, No. 26-1709, 2026 WL 3054137, at *5 (W.D. Pa. Oct. 13, 2026) (citing *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 477 (E.D. Pa. 2013)).

CVS's requests as to the amount the Desrosiers were seeking in damages were deemed admitted on August 14. (Notice of Removal ¶¶ 8–10, Dkt. No. 1.) Those requests constituted the first "other paper" from which it was ascertainable that the case was removeable. CVS's Notice for Removal was timely, as it was filed on September 11, less than 30 days later. (*See id.*)

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

Gerald J. Pappert, J.